UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREA M. CHILDRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-01529-TWP-DKL |
| | ) | |
| EXPERIAN INFORMATION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ENTRY ON MOTION TO DISQUALIFY COUNSEL

This matter is before the Court on Defendant Experian Information Services, Inc.'s ("Experian") Motion to Disqualify Counsel G. John Cento and the Law Firm of Cento Lane, LLC ("Mr. Cento")[1] (Dkt. 36). Oral argument was held on Experian's motion on June 4, 2013, and the Court took the matter under advisement. For the reasons set forth below, Experian's motion is **DENIED**.

### I. BACKGROUND

Mr. Cento represents Andrea Childress ("Ms. Childress") and a nationwide class of consumers as to whom Experian allegedly violated various subsections of § 1681 of the Fair Credit Reporting Act ("FCRA"). Dkt. 1 at 2, 11. Ms. Childress alleges that Experian violated these provisions by reporting the class members' bankruptcies as "dismissed" when they had in fact been voluntarily withdrawn. Previously, Mr. Cento represented a second consumer credit reporting agency, Trans Union, LLC ("Trans Union"), primarily in defending § 1681 claims

---

[1] Experian has also moved to disqualify Mr. Cento's former employer, Riley, Bennett & Egloff, LLP ("Riley"), to the extent that they may still be involved in this case. No attorneys from Riley appear as attorneys of record in this case; therefore, this request is denied as moot.

Case 1:12-cv-01529-TWP-DKL   Document 58   Filed 06/18/13   Page 2 of 12 PageID #: 325

brought by consumers. He also represented a third reporting agency, Equifax Information Services, LLC ("Equifax"). However, Mr. Cento has never represented Experian.

The Court recently disqualified Mr. Cento from representing Ms. Childress in a separate lawsuit against Trans Union that essentially makes the same allegations against Trans Union as are made in her case against Experian.[2] The Court based its decision on the fact that Mr. Cento had represented Trans Union extensively in matters that were substantially related to the current lawsuit, and Mr. Cento could not rebut the presumption that he had received confidential information from Trans Union. *See Childress v. Trans Union, LLC*, Case No. 1:12-cv-00184-TWP-DML, 2013 WL 1828050 (S.D. Ind. Apr. 30, 2013).[3] Mr. Cento's co-counsel, Eric Pavlack ("Mr. Pavlack"), continues to represent Ms. Childress against Trans Union and Experian in both cases.

Experian filed this motion to disqualify Mr. Cento based upon his representation of Trans Union, arguing that Experian's business is "in many ways the same as Trans Union's" and that he could indirectly use his confidential knowledge about Trans Union to continue to advise Ms. Childress in both cases. Dkt. 37 at 2. Experian cites to and attaches a Joint-Defense, Cooperation and Confidentiality Agreement entered into by the three credit reporting agencies ("Joint Defense Agreement"), stating that this agreement "recognizes the 'mutuality of interest in investigating, evaluating, cooperating and defending any Litigation [under the FCRA] and in providing a common and joint approach' to such litigation." *Id.* (quoting Dkt. 37-1 at ¶ 1). The

---

[2] Contrary to Experian's assertion, neither Magistrate Judge Lynch nor this Court found that Mr. Cento violated Indiana Rule of Professional Conduct Rule 1.9. Only the Indiana Disciplinary Commission and the Supreme Court of Indiana may make such a finding. The Court only utilized the standards from Rule 1.9 to determine whether Mr. Cento should be disqualified from representing Ms. Childress against a former client, and no disciplinary action has been brought against Mr. Cento related to his representation of Ms. Childress in the Trans Union case.

[3] Mr. Cento has asked the Court to reconsider the ruling in *Trans Union* which the Court has denied. The Court clarifies that the "appearance of impropriety" concept is not the basis for its decision to disqualify Mr. Cento; rather the Court's decision is based upon its application of the "substantial relationship" test as it applies to the uncontested facts of the case. Case No. 1:12-cv-00184-TWP-DML (Dkt. 88).

Joint Defense Agreement further states that "[d]isclosures by each Company's in-house or outside Counsel . . . to another Company's Counsel of mental impressions, conclusions, opinions, legal theories, as well as privileged or confidential business and financial information on matters of common concern, are essential to the effective representation of the Companies in any Litigation." *Id.* However, this Joint Defense Agreement was executed in November 2008, and Mr. Cento had ceased representing Trans Union in June 2005 and Equifax in February 2007. Experian does not allege that Mr. Cento actually received any of its confidential information, either under the Joint Defense Agreement or otherwise. Rather, Experian bases its disqualification argument on the fact that the plaintiff and claims are identical in both the Trans Union and the Experian cases, and that allowing Mr. Cento to represent Ms. Childress in this case would side-step the Court's disqualification order in *Trans Union* by impermissibly allowing him to pass along information to Ms. Childress that could then be used in the case against Trans Union.

## II.  LEGAL STANDARD

"The standards for disqualification of an attorney derive from two sources: Indiana's Rules of Professional Conduct and federal common law." *Leathermon v. Grandview Mem. Gardens, Inc.*, No. 4:07-cv-137-SEB-WGH, 2010 WL1381893, at * 8 (S.D. Ind. March 31, 2010). Rule 1.9 of the Indiana Rules of Professional Conduct provides in relevant part that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Ind. R. Prof. Conduct 1.9(a). In addition, federal common law supplies standards for disqualification that are based upon the American Bar Association Code of Professional Responsibility Cannons 4 and 9. *See LaSalle Nat'l Bank v. Lake Cnty.*, 703 F.2d 252, 255 (7th

Cir. 1983); *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266-67 (7th Cir. 1983). The standard for disqualification of an attorney in the Seventh Circuit is the "substantial relationship" test, which is "whether it could reasonably be said that during the former representation the attorney might have acquired information related to the subject matter of the subsequent representation." *LaSalle Nat'l Bank*, 703 F.2d at 255 (quoting *Cannon v. U.S. Acoustics Corp.*, 398 F. Supp. 209, 223 (N.D. Ill. 1975), *aff'd in part and rev'd in part*, 532 F.2d 1118 (7th Cir. 1976)). "If a substantial relationship is found, it is unnecessary for the movant to prove that the attorney in question actually received during the course of his former employment confidential information relevant to matters involved in the subsequent representation." *Id.* "The purposes of the substantial relationship test are (1) to prevent disclosure of client confidences; (2) to protect a client's interest in the loyalty of counsel; and (3) to prevent the appearance of conflict of interest that is difficult to dispel in the eyes of the public, the bench, and the bar." *Ramos v. Pabey*, No. 2:05-CV-189-PS-PRC, 2005 WL 2240036, at *4 (N.D. Ind. Sept. 13, 2005).

### III. DISCUSSION

Generally, "for a court to grant a motion to disqualify counsel, a prior attorney-client relationship exists between the matter in which the attorney(s) had previously represented the moving party and the matter currently pending". *Lyman v. St. Jude Medical S.C., Inc.* 423 F. Supp.2d 902, 907 (2006). Experian acknowledges that Mr. Cento was never its counsel, but asserts that Mr. Cento should be disqualified from representing Ms. Childress in the present case based upon his disqualification from representing her against Trans Union in a lawsuit asserting similar causes of action. Experian argues that Mr. Cento's representation of the same plaintiff against Experian would effectively negate the Court's disqualification order in *Trans Union*, as Mr. Cento could provide the same advice, counsel and work product to Ms. Childress in her case

against Experian that could then also be used against Trans Union.  Mr. Cento argues that his knowledge about Trans Union's litigation strategies, policies and procedures is unrelated to Experian's policies and procedures, and any specific knowledge he has about Trans Union would not be used in Ms. Childress's case against Experian.  Mr. Cento also argues that Experian has no standing to move to disqualify him because the harm sought to be avoided is that against Trans Union, not Experian.

**A.	Standing**

Mr. Cento asserts that the motion to disqualify him is improper because Experian lacks standing to assert the rights of Trans Union.  However, lawyers have a duty to bring to the court's attention potential violations of the ethical rules governing practice in the district court. *Emmis Operating Co. v. CBS Radio, Inc.*, 480 F. Supp. 2d 1111, 1117 (S.D. Ind. 2007); *see* Ind. R. of Prof. Conduct 8.3 ("A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, shall inform the appropriate professional authority.")  The district court in *Emmis Operating Co.* agreed with the First, Fourth, and Fifth Circuits in their conclusion that a third-party may have standing to seek disqualification of an attorney "even though it is not an aggrieved client because its attorneys are authorized to report any ethical violations committed in the case." 480 F. Supp. 2d at 1116 (quoting *Brown & Williamson Tobacco Corp. v. Daniel Int'l Corp.*, 563 F.2d 671, 673 (5th Cir. 1977)); *see also Kevlik v. Goldstein*, 724 F.2d 844, 847-48 (1st Cir. 1984) (Model Code of Professional Responsibility, Disciplinary Rule 1-103(A) requires that an attorney come forward if he has knowledge of an actual or potential violation of a Disciplinary Rule); *United States v. Clarkson*, 567 F.2d 270, 271 n.1 (4th Cir. 1977) (the propriety of a lawyer third-party bringing a "motion to

disqualify cannot be questioned."). Therefore, the Court finds that Experian's counsel does have standing to file a motion to disqualify Mr. Cento, even though Experian is not the aggrieved party. Mr. Cento cites to no authority in support of his argument that a party must have a pecuniary interest in order to have standing on this issue.

**B.    Disqualification based on representation of Trans Union**

Experian does not assert that Mr. Cento actually received any of its confidential information. Rather, Experian's essential argument is that permitting Mr. Cento to represent Ms. Childress in this case will circumvent the Court's order disqualifying him from representing her in the *Trans Union* case, thus harming Trans Union. Experian asserts, by way of example, that both Experian and Trans Union would likely elicit similar written and oral discovery from Ms. Childress and would both seek to depose her, likely simultaneously. Experian argues that Mr. Cento could prepare Ms. Childress for her deposition, and such preparation would likely be the same as to both Experian and Trans Union. Further, Mr. Cento could prepare the responses to written discovery requests as to Experian, and Mr. Pavlack could effectively use Mr. Cento's work in the case against Trans Union. Experian argues that if Mr. Cento continues in the identical lawsuit against Experian, there is no way to prevent him from using confidential information from Trans Union, essentially against Trans Union, as litigation progresses. Mr. Cento argues that Experian has not shown how his knowledge of Trans Union's confidential litigation strategies would assist him in advising Ms. Childress in prosecuting her claims against Experian, aside from his general knowledge about FCRA law, thus he has no need or intention to disclose Trans Union's confidential information to Ms. Childress or Mr. Pavlack.

Experian cites to numerous cases which it alleges support its position that a disqualified attorney may not be permitted to participate indirectly in advising a plaintiff in the action from

which he was disqualified, and in some circumstances he must be disqualified to all other defendants in related lawsuits. The cases cited by Experian are all distinguishable from this case. Experian cites to *First Wis. Mortg. Trust v. First Wis. Corp.*, 584 F.2d 201 (7th Cir. 1978) for the proposition that a disqualified attorney may not indirectly participate in advising a plaintiff against a former client. However, that case involved the issue of what should be done with the work product of a disqualified attorney, and the Seventh Circuit held that work product from a disqualified attorney can be passed on to replacement counsel only if it is free of confidential information about the former client. *Id.* at 207. That is not at issue here, and would apply, for example, to Mr. Cento passing along his client files to Mr. Pavlack in the *Trans Union* case; Mr. Cento would have to exclude any of Trans Union's confidential information from those files.

Experian also cites to *Cord v. Smith*, 370 F.2d 418 (9th Cir. 1964) to support its argument that a disqualified attorney may not indirectly advise a plaintiff against a former client. In that case, the attorney withdrew from a case against a former client due to conflict of interest, but then filed a suit against the same defendant, *i.e.* his former client, naming himself as plaintiff based upon an assignment of half of the first plaintiff's claim against the defendant. Purportedly in his capacity as plaintiff of his own suit, the attorney continued to involve himself in the original lawsuit by attending depositions and conferring with the first plaintiff's replacement counsel. The court ordered that the attorney's stand-alone suit must be dismissed entirely to effectuate the disqualification order, and that the attorney's participation as an assignee would violate the order that he not be permitted to directly or indirectly represent, counsel, or advise the first plaintiff in his suit against the attorney's former client. *Id.* at 424. The *Cord* case is readily distinguishable, as that case involved an attorney who filed a second suit against the *same defendant* as an assignee of his client's claim, meaning that he was asserting the exact same

claim involving the same facts as that brought on behalf of the first plaintiff. In the present case, there are two separate defendants, and while they may involve the same issues and causes of action, they do not involve the same factual circumstances.

For the proposition that an attorney may be required to be disqualified as to all defendants in related cases, Experian cites to another case out of the Ninth Circuit, *All Am. Semiconductor, Inc. v. Hynix Semiconductor, Inc.*, No. C 07-1200, 2009 WL 292536 (N.D. Cal. Feb. 5, 2009). That case involved related, but separate lawsuits against various defendants, and the court ordered that the attorney must be disqualified as to all defendants. *Id.* at *5. However, that case involved an anti-trust horizontal price fixing conspiracy carried out by numerous defendants, and the three lawsuits at issue were all related to the same conspiracy, but had not been consolidated. The disqualified attorney had been privy to confidential material of one of the defendants that was highly material to the cases against the other defendants because they were co-conspirators, thus the claims against the various defendants were truly related, not just similar.

The case that Experian argues is most analogous to the instant case is *City of Kalamazoo v. Mich. Disposal Serv.*, 151 F. Supp. 2d 913, 921 (W.D. Mich. 2001). In *Mich. Disposal Serv.*, an attorney was disqualified from representing a plaintiff against multiple defendants. However, the case involved a contribution suit under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, and the plaintiff's counsel had previously represented the defendants pursuant to a joint defense agreement entered into by all of the defendants in a prior action related to the current case, and the court determined that there were issues common to all defendants. 151 F. Supp. 2d at 921. *See also Trone v. Smith*, 621 F.2d 994, 1002 (9th Cir. 1980) (Defendant's potential liability was "inextricably intertwined" with that of other co-

defendants, thus the law firm was disqualified from representing plaintiff against all defendants). Ms. Childress does not allege that Trans Union and Experian are co-defendants or co-conspirators, nor does Experian allege that it and Trans Union acted together with regard to the alleged misreporting. Additionally, the Joint Defense Agreement between Experian, Equifax and Trans Union was executed subsequent to Mr. Cento's representation. Any actions the reporting companies took were independent of each other, although they involve similar allegations. The alleged misreporting may have been carried out in different ways in each company, as they each have their own systems, policies and procedures. Unlike the cases cited by Experian, a finding of liability on the part of one company would have no impact on the other company.

Experian's entire argument is essentially premised upon the assumption that Mr. Cento will violate his ethical obligations by impermissibly disclosing Trans Union's confidential information to either Ms. Childress or Mr. Pavlack in the course of litigating the case against Experian. However, attorneys are already under an ethical obligation not to disclose a former client's confidences to anyone, not just an adversary. Rule 1.6 of the Indiana Rules of Professional Conduct states, in relevant part, that "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent. . . ." Ind. R. Prof. Conduct 1.6(a). Furthermore, Indiana Rule of Professional Conduct 1.9 prohibits a lawyer from representing a person against a former client in the same or a substantially related matter in which "that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Ind. R. Prof. Conduct 1.9(a).

In this case, Ms. Childress has not brought a claim against a former client of Mr. Cento, and her interests in her claims against Experian are not "materially adverse" to Trans Union, so there would be no direct violation of Rule 1.9. To assume that the advice provided to Ms.

Childress in her claims against Experian would end up being materially adverse to Trans Union under the circumstance of these cases would stretch the substantial relationship disqualification rule too far.  Mr. Cento is already prohibited from disclosing Trans Union's confidential information under Rules 1.6 and 1.9; thus there is no need for the Court to take extra measures to ensure that he complies with those ethical obligations.  Additionally, Mr. Cento expressed his understanding of his ethical obligations under the Indiana Rules of Professional Conduct, and assured the Court that he intends to abide by those rules.

The Court finds that the purposes of the disqualification rule would not be served by disqualifying Mr. Cento in this case.  The disqualification rule is designed to protect the sanctity of the attorney-client relationship, preserve the loyalty between a client and her attorney, and prevent the appearance of conflict of interest that is difficult to dispel.  *Ramos*, 2005 WL 2240036 at *4.  Those interests are not served by prohibiting an attorney from using the experience and general knowledge—but not the confidential information—gained from representing a client against a different defendant in a similar case based upon a presumption that the attorney will violate the ethical rules and disclose confidential information of his former client to the plaintiff or his co-counsel that could possibly be used against the attorney's former client in an unrelated case.  "[D]isqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary."  *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982).  Disqualification is necessary where an attorney himself has the ability to use his knowledge about a former client directly against him; an attorney cannot forget or unlearn information about that client.  However, in a case such as this, the attorney would have to violate his ethical obligations and disclose a former client's confidential information to a third party in

order for that information to be used against the former client.  Knowing the types of questions to ask or answers to give during discovery against Experian would not necessarily involve the disclosure of Trans Union's confidential information, and disqualification based upon the speculative possibility that Mr. Cento may do so would be improper.

## IV. <u>CONCLUSION</u>

The Court finds that because Trans Union and Experian are not co-defendants or co-conspirators whose liability is essentially interrelated, Mr. Cento's disqualification as to Trans Union should not extend to Experian by virtue of the fact that the cases assert similar claims against the two different defendants.  The Court will not use disqualification as a prophylactic measure to prevent Mr. Cento from disclosing Trans Union's confidential information to Ms. Childress or Mr. Pavlack to be used in the case against Trans Union, as the Indiana Rules of Professional Conduct already prohibit such disclosure.  Therefore, Experian's Motion to Disqualify G. John Cento and the Law Firm of Cento Lane, LLC is **DENIED**.

**SO ORDERED.**

Date: 06/18/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James W. Bristow
BAKER BOTTS L.L.P.
james.bristow@bakerbotts.com

Van H. Beckwith
BAKER BOTTS L.L.P.
van.beckwith@bakerbotts.com

Hunter Allen
BAKER BOTTS, LLP
hunter.allen@bakerbotts.com

G. John Cento
CENTO LAW LLC
cento@centolaw.com

Michele Lorbieski Anderson
FROST BROWN TODD LLC
mlanderson@fbtlaw.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com

Adam W. Wiers
JONES DAY
awwiers@jonesday.com

Courtney E. Silver
JONES DAY
cesilver@jonesday.com

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com