UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA M. CHILDRESS,<br><br>      Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SERVICES, INC.; and CSC CREDIT SERVICES, INC.,<br><br>      Defendants. | Case No. 1:12-cv-1529-TWP-DKL<br><br>Judge Tanya Walton Pratt<br><br>Magistrate Judge Denise K. LaRue |

## DECLARATION OF PATRICIA FINNERAN

I, Patricia Finneran, declare as follows:

1. I am the Marketing Director for File One Infrastructure for Experian Information Solutions, Inc. ("Experian"). Except where otherwise stated, the facts stated in this declaration are true of my own personal knowledge, including knowledge acquired in the course and scope of my job responsibilities and through the review of pertinent documents maintained as business records by Experian in the course and scope of Experian's business. If called upon to do so, I could and would testify competently to the facts stated below.

2. I have worked at Experian and its predecessor for 34 years. I have been the Marketing Director for one year, and previously I was the Senior Manager for File One Infrastructure for 17 years. I am responsible for the business rules that dictate how credit information is loaded into Experian's consumer-credit database, File One, and how that credit information is formatted and furnished to Experian's customers.

**About Experian**

3. Experian operates as a consumer credit reporting agency under the requirements of the Fair Credit Reporting Act. As a consumer credit reporting agency, Experian gathers credit and public record information originated by others and makes that information available to parties engaged in credit related transactions who have permissible purpose. Experian essentially acts as a storehouse of credit and public record information by storing, retrieving, and furnishing data as allowed by applicable federal and state laws.

4. Experian itself does not originate or create any credit or public record information. Nor does Experian make loans or decide who should receive credit. Both of those functions are handled entirely by the credit granting industry, over whom Experian has no control.

**Bankruptcy Data Generally**

5. Public records, including court dockets, are an important source of consumer credit information. These records can reveal civil judgments, tax liens, and consumer bankruptcies.

6. Experian collects bankruptcy data from the public record through its public records vendor, LexisNexis Risk & Information Analytics Group, Inc. ("Lexis").

7. Experian uses data from the public records to update the "public records" section of the consumer's credit report. For bankruptcy cases, this includes such basic identifying information as the relevant court's name and address, case number, the chapter of the Bankruptcy Code under which the case was filed, and the dates of the petition, discharge, or dismissal (if any).

8. By law, a public record Chapter 13 bankruptcy entry is allowed to stay on the consumer's record for no more than 10 years. Experian's consumer friendly policy, however, is

to delete Chapter 13 bankruptcy information after 7 years. Experian has procedures in place that automatically purge Chapter 13 bankruptcy information from consumers' credit reports shortly before the end of the seven-year period, beginning at 6 years and 9 months after filing.

**Bankruptcy Data from Lexis Nexis**

9. Experian's public record vendor, Lexis, collects bankruptcy information on consumers and provides it to Experian in a computer-readable format compatible with File One.

10. To facilitate the process of gathering and reporting the massive amount of public record information that Lexis processes and delivers on a daily basis, the consumer reporting agencies developed a standard public record format. Using this standard format, Lexis collects certain specified data and codes that data in a machine readable format compatible with the CRAs' databases.

11. It is my understanding the Lexis reports all dismissed bankruptcies as "dismissed." Lexis does not report any dismissed bankruptcies as "withdrawn." I understand that bankruptcy courts do not use the term "withdrawn," and thus Lexis, in turn, does not use it either.

**Dismissed Bankruptcies**

12. In the public record, bankruptcies are reported with one of three statuses: Petition Filed, Dismissed, or Discharged. Additionally, a Chapter 13 bankruptcy may report as having been converted to another chapter. Experian will include each of these statuses in a consumer's credit file based on the public record.

13. Bankruptcy courts do not use the term "withdrawn" to refer to the status of a bankruptcy. I have never seen the term "withdrawn" refer to a bankruptcy case status. I have

never heard of the term "withdrawn" as referring to the status of a bankruptcy in the Bankruptcy Code.

14. When Experian first learns that a Chapter 13 bankruptcy has been dismissed, Experian never reports the Chapter 13 bankruptcy as "withdrawn" because such a status is not used by bankruptcy courts. Because the courts use the term "dismissed," Experian likewise uses the term "dismissed" in its consumer reporting when the bankruptcy court reports that a petition has been "dismissed." This procedure of using the term "dismissed" ensures that Experian's reporting is accurate and consistent with the public record itself.

15. However, Experian allows consumers to use its dispute resolution procedures to add notations to their consumer credit files to reflect that a bankruptcy was voluntarily withdrawn.

16. A consumer may dispute information appearing in her credit report or consumer disclosure. Experian follows detailed dispute resolution procedures, and pursuant to such procedures, Experian will review every dispute that it receives, and then conduct an internal investigation and, if necessary, an external investigation. Experian will externally investigate disputed bankruptcy information by contacting Lexis.

17. Though exceedingly rare, Experian sometimes receives consumer disputes that request Experian to report the status of a "dismissed" Chapter 13 bankruptcy as "withdrawn." Pursuant to policy and practice, once Experian receives documentation that adequately shows that the consumer voluntarily withdrew her bankruptcy, Experian will add a statement to the consumer's file that the bankruptcy was withdrawn by the consumer, though the official status will remain consistent with that reported by the bankruptcy court itself, namely, "dismissed."

18. Some consumers actually demand that Experian expunge the reporting of a "dismissed" bankruptcy entirely. When this occurs, and as the circumstances dictate, Experian sends the consumer a letter stating that the law permits Experian to report the bankruptcy.

**The Credit Reporting Industry**

19. Experian is part of a trade association, the Consumer Data Industry Association ("CDIA"). The CDIA is an international trade association that has represented consumer data companies for over 100 years. It has over 250 members, who provide fraud prevention and risk management products, credit and mortgage reports, tenant and employment screening services, check fraud and verification services, and collection services to their customers. Its members help businesses of all sizes in making decisions that provide consumers with the products and services they want and need. The CDIA's mission is to ensure that consumer data can be collected, maintained, and used by third parties in responsible ways by U.S. businesses to help them manage risk, create fair markets for consumers, and to increase business competition.

20. Upon information and belief, the other major national consumer reporting agencies that belong to the CDIA also collect bankruptcy data from Lexis. They report the same three bankruptcy statuses that Experian reports: Petition Filed, Dismissed, or Discharged. Like Experian, they also report dismissed bankruptcies as "dismissed" and, so far as I am aware, do not report a status of "withdrawn."

21. Upon information and belief, Experian follows the custom and practice in the industry with regard to reporting the status of bankruptcies that have been dismissed.

**Andrea Childress's Disputes**

22. Andrea Childress contacted Experian twice regarding the reporting of her bankruptcy. In 2009, she mailed Experian a letter which requested only that the bankruptcy be

deleted from her file entirely. She did not request that the bankruptcy be reported as "withdrawn." She included with her letter an uncertified print-out of the face of the federal bankruptcy docket, which does not contain the word "withdrawn," and a copy of the court's order dismissing the case, which states that the case is "dismissed" and does not use the term "withdrawn." Ms. Childress did not include any documentation certifying that the case was withdrawn. Her letter also did not state that the case was withdrawn. Experian responded with a letter explaining that Experian may, under the law, report the bankruptcy.

23. In 2012, Ms. Childress disputed the bankruptcy reporting online. She did not include any documentation whatsoever in support of her dispute. Experian initiated a reinvestigation of the dispute with Lexis. While the reinvestigation was pending, however, the bankruptcy was automatically purged from Ms. Childress's file because it was approaching the seven-year mark. (As discussed above, Experian automatically purges bankruptcies beginning at six years and nine months.) Experian provided written notice to Ms. Childress that her bankruptcy was deleted.

**Business Records**

24. I am familiar with the manner and procedures by which the records, letters, and memoranda contained in Experian's files are prepared and maintained. Those records, letters, and memoranda are prepared by agents or employees of Experian in performance of their regular business duties. Those records, letters and memoranda are made either by persons with knowledge of the matters they record or from information supplied by persons with such knowledge, at or near the time of the occurrence of the matters set forth in those documents. It is Experian's regular business practice to make and maintain such records, letters or memoranda in the regular course of its business.

25. The following exhibits referenced herein were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, and were kept in the course of Experian's regularly conducted business activity, and were made as a regular practice by Experian's regularly conducted business activity, and are true and correct copies of these records from Experian's files:

- Exhibit 1 – Consumer disclosures (excerpts relating to Plaintiff's bankruptcy) and communications from Experian to Plaintiff, from Plaintiff's file, dated between July 31, 2006 and August 24, 2012. (EXP_0001, excerpts of EXP_0024-EXP_305)

- Exhibit 2 – Experian's Dispute/Response Log ("D/R Log") pertaining to Plaintiff (excerpt). The excerpt of this document reflects Experian's records relating to Plaintiff's dispute with Experian in August 2012. (EXP_0560)

- Exhibit 3 – Experian's "ACDV," or "automated consumer dispute verification" form reflecting Experian's reinvestigation with Lexis pertaining to Plaintiff's August 2012 disputes. (EXP_0847)

26. Further, the following exhibit is a true and correct copy of the document received by Experian and retained in Experian's files, which purports to be from Plaintiff and/or her counsel, acting on Plaintiff's behalf:

- Exhibit 4 – Letter from Plaintiff to Experian, and enclosures therewith, dated July 14, 2009. (EXP_0002-EXP_0012)

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed pursuant to 28 U.S.C. § 1746 on February 11, 2014, in Costa Mesa, California.

*/s/ Patricia Finneran*
Patricia Finneran