UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA M. CHILDRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-01529-TWP-DKL |
| | ) |
| EXPERIAN INFORMATION SERVICES, | ) |
| INC., and CSC CREDIT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION TO STAY PROCEEDINGS ON DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT PENDING DETERMINATION OF CLASS CERTIFICATION**

The matter is before the Court on Plaintiff Andrea Childress' ("Ms. Childress") Motion to Stay Proceedings on Defendant Experian Information Solution, Inc.'s Motion for Summary Judgment Pending Determination of Class Certification (Dkt. 97). Defendant Experian opposes the Motion arguing that this case turns entirely on a legal issue and, therefore, "it makes utmost sense to decide summary judgment before class certification." For the reasons stated below, the Motion for Stay is **DENIED**.

## I. DISCUSSION

Ms. Childress filed this action alleging that Experian violated various subsections of § 1681 of the Fair Credit Reporting Act ("FCRA") by reporting a nationwide class of consumers' bankruptcies as "dismissed" when they had, in fact, been voluntarily withdrawn. In April 2013 the Court approved the parties' Joint Case Management Plan ("CMP"). The CMP provides that "within fourteen (14) days of a ruling on class certification, the parties' counsel will confer and work together to prepare and propose to the Court a Case Management Plan that sets deadlines for the filing of dispositive motions and all other deadlines for the remainder of the case through

trial." See Dkt. 48 at 5. On January 20, 2014, Ms. Childress filed a motion seeking certification of the class (Dkt. 69). In spite of the provision in the CMP, Experian elected to file a dispositive motion three weeks later, and in advance of a ruling on class certification. Thereafter, Ms. Childress filed the instant motion requesting a stay of the summary judgment determination until after the Court has issued a ruling on whether the class can be certified. Ms. Childress asserts three primary reasons why the Court should stay briefing on the summary judgment matter: (1) the language in the CMP, (2) Rule 23 supports ruling on certification prior to a determination on the merits, and (3) Seventh Circuit preference. The Court will address each reason in turn.

Experian counters correctly that Rule 56 provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). The Court agrees. The CMP merely provides deadlines; it does not foreclose a party's right to make earlier filings. There is no violation of any rule by Experian exercising its prerogative to file the dispositive motion in advance of any deadline.

Next, Ms. Childress argues that the guiding principles of Rule 23 support ruling on certification prior to a determination on the merits and this is also the Seventh Circuit's preference. The Court is not persuaded by this argument. Rule 23(c)(1)(A) specifically provides that at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action. The rule was amended in 2003 and this now is a more flexible requirement. Even before the rule was amended to provide more flexibility concerning the timing for consideration of class certification issues, the Seventh Circuit had recognized that, in certain circumstances, the better course may be for a court to rule on a pending motion for summary judgment before ruling on a motion for class certification. See *Cowen v. Bank United of Texas, FSB,* 70 F.3d 937, 941 (7th Cir.1995). Currently neither motion

is fully briefed and ripe for ruling. At this stage of the proceedings, the Court sees no unfairness to Ms. Childress if the Court elects to rule on the summary judgment motion prior to issuing a ruling on class certification. However, the Court can best make that determination once the matters are fully briefed. Parties frequently work on several motions simultaneously and the Court sees no reason to stay briefing on the summary judgment. Therefore, the Motion for Stay is denied.

Having determined that there will be no stay, the Court will now address Ms. Childress' failure to timely respond to the summary judgment motion. In reliance on the language in the CMP, and/or "guidance" from the Magistrate Judge's Courtroom Deputy Clerk, Ms. Childress failed to timely file a response. Although Ms. Childress' reliance was imprudent, the Court will accept her Verified Explanation to the Court for her decision to postpone responding to the summary judgment motion. *See* Dkt. 122.

## II. CONCLUSION

For the reasons stated above, the Motion to Stay (Dkt. 97) is **DENIED**. The Court will allow Ms. Childress **twenty-eight (28)** days from the date of this Entry to file her response to summary judgment. Necessarily, Experian's Reply (Dkt. 121) is **STRICKEN** as premature. There was no need to file a Reply because no response has been filed. Defendant shall have **fourteen (14)** days following the response within which to file its Reply.

**SO ORDERED.**

Date: 04/09/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

DISTRIBUTION:

G. John Cento
CENTO LAW LLC
cento@centolaw.com

Logan C. Hughes
REMINGER CO., L.P.A.
lhughes@reminger.com

Adam W. Wiers
JONES DAY
awwiers@jonesday.com

Courtney E. Silver
JONES DAY
cesilver@jonesday.com

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com