UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA M. CHILDRESS,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SERVICES, INC.; and CSC CREDIT SERVICES, INC.,<br><br>    Defendants. | Case No. 1:12-cv-1529-TWP-DKL<br><br>Judge Tanya Walton Pratt<br><br>Magistrate Judge Denise K. LaRue |

## SUPPLEMENTAL DECLARATION OF PATRICIA FINNERAN

I, Patricia Finneran, declare as follows:

1.      I am the Marketing Director for File One Infrastructure for Experian Information Solutions, Inc. ("Experian"). I submitted a declaration in support of Experian's Motion for Summary Judgment in this case. I am providing a supplemental declaration, now in support of Experian's Opposition to Plaintiff's Motion for Class Certification, which addresses topics not raised in my first declaration. I incorporate by reference my original declaration for background of both my qualifications and Experian's business and practices.

2.      Except where otherwise stated, the facts stated in this declaration are true of my own personal knowledge, including knowledge acquired in the course and scope of my job responsibilities and through the review of pertinent documents maintained as business records by Experian in the course and scope of Experian's business. If called upon to do so, I could and would testify competently to the facts stated below.

### Industry Reporting Formats

3.  Experian uses the credit reporting industry reporting formats "Metro 2" (which applies only to tradelines and was created in 1996) and "Format 272" (which applies only to public records and was created several decades ago). Experian did not create either of these formats, which are used industry-wide.

4.  Metro 2 is the format used for tradelines, such as mortgages, credit cards, auto loans, etc. It is used in connection with reporting data and information from Experian's subscribers, including banks, student loan providers, and other providers. Metro 2 is not the format that is used when reporting public records, like bankruptcies and court judgments. Thus, fields and codes pertinent to Metro 2 are inapplicable to public records.

5.  For public records, Experian receives data and information from LexisNexis Risk & Information Analytics Group, Inc. ("Lexis") using Format 272. Based on my experience in working with industry formats over many years, I understand that Format 272 has changed over time. Format 272 includes fields that have never been used but could possibly be used at some point in the future. It also includes fields that were used for some time but are no longer used.

6.  Format 272 includes a field called "Field 7," which allows for reporting of whether a bankruptcy was dismissed "voluntarily" or "involuntarily." Lexis does not populate, and never has populated, Field 7 for Experian. This is because bankruptcy courts do not report whether a bankruptcy was dismissed voluntarily or involuntarily, so Lexis cannot accurately populate Field 7. Thus, the field is left blank. I have no knowledge or indication that Field 7 has *ever* been populated for or by Experian. In short, this is because Experian (and Lexis) does not and cannot know whether a bankruptcy was dismissed voluntarily or involuntarily.

7.  I do not know why Field 7 was created in the first place, many years ago.

8. In my experience, credit grantors (those who use Experian's credit reports) do not care how a dismissal of a bankruptcy came about. I cannot recall a single instance of a creditor or a customer asking Experian to report whether a bankruptcy dismissal came about voluntarily or involuntarily. Given my role with Experian, if credit grantors were to ask Experian to report this information, I would know about it.

**Experian's Systems**

9. I understand that Plaintiff has proposed a method of identifying class members in this case. I understand that her method involves, in relevant part, providing Experian with a list of consumers who have "voluntarily dismissed" their bankruptcies, and then requiring Experian to search its systems to determine which of those consumers are class members. Specifically, I understand that this method requires Experian to identify those consumers for whom Experian reported the consumer's bankruptcy as "dismissed" or was silent about the disposition, rather than indicating the bankruptcy was "withdrawn," within two years of the filing of her complaint on October 19, 2012.

10. For many reasons, there is no feasible way for Experian to search and manipulate its systems in the way that would be required to identify these consumers.

11. First, Experian does not store copies of consumer reports furnished to third parties. Thus, there is nothing in Experian's systems to reference if or how Experian reported a consumer's bankruptcy to a third party.

12. Second, as I explained in my original declaration, Experian's systems purge Chapter 13 consumer bankruptcy information after about 7 years, which means that Chapter 13 bankruptcies filed more than 7 years ago are no longer reflected in Experian's files for the consumer. Thus, even if consumers about whom Experian furnished a consumer report since

October 2010 could be identified, their current Experian credit file may now say nothing about a bankruptcy that was reported sometime in the past but has since fallen off.

13. Third, records of recent "inquiries" into a consumer's credit file are similarly unhelpful. The "inquiries" section of a consumer's credit report or file disclosure lists by date the instances where some or all of the consumer's file has been requested by a third party and accessed for one reason or another. However, records of inquiries do not indicate whether the third party received a full consumer report or just a credit score. This distinction is important, because a full report would show the way in which a bankruptcy was reported, while a credit score would not. In addition, as guided by the Fair Credit Reporting Act, Experian stores inquiries for only two years, and thus the consumers' current files would not reflect inquiries prior to 2012.

14. Fourth, consumer disclosures are also unhelpful in suggesting how Experian reported a bankruptcy. A consumer/file disclosure is a report sent to a consumer at the consumer's request that Experian stores for seven years. Though consumer disclosures reflect bankruptcy information, they exist only if requested by the consumer in the past seven years. So, if a consumer never requested her disclosure during this time, it does not exist and thus there would be nothing with which to determine how a consumer's bankruptcy could have been reported. Additionally, even for consumers about whom there is a disclosure, the existence of the disclosure, and the information in it, does not necessarily mean that Experian furnished a consumer report with that information to a third party. Moreover, even if Experian were given a list of consumers who may be potential class members, the act of locating and pulling old file disclosures for each potential class member (not to mention then actually reviewing them) would be a monumental and extremely burdensome undertaking. The total amount of time would

depend on the number of people on the list and the number of disclosures that each person has in his or her file. Plaintiff estimates that there are thousands of class members. In all, the process of pulling and reviewing file disclosures would be oppressively burdensome.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed pursuant to 28 U.S.C. § 1746 on May 2, 2014, in Costa Mesa, California.

_____
Patricia Finneran