UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA M. CHILDRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-01529-TWP-DKL |
| | ) |
| EXPERIAN INFORMATION SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Experian Information Services, Inc. ("Experian"). ([Filing no. 85](#)). Plaintiff Andrea Childress ("Ms. Childress") brought claims against Experian for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). For the reasons discussed below, Experian's Motion is **GRANTED**.

### I.  BACKGROUND

**A.  Experian's Credit Reporting Business**

The following material facts are not in dispute and are viewed in light most favorable to Ms. Childress as the non-moving party. Experian is a credit reporting agency ("CRA") as defined in the FCRA. As a CRA, Experian collects consumer credit information from various sources, organizes and stores the information, and then makes it available to authorized third parties, such as lenders. One source for information concerning consumers is public records, including court dockets, which can reveal information such as civil judgments, tax liens, and consumer bankruptcies. Experian includes public record bankruptcy information in consumer reports that it furnishes to third parties.

Consumer bankruptcy information is publicly available online through the Public Access to Court Electronic Records system ("PACER"). PACER is operated by the Administrative Office of the United States Courts and is a public access service that allows users to obtain case and docket information from Federal Appellate, District and Bankruptcy courts. Because each court maintains its own database with case information, the format and content of the information on the dockets may differ slightly for each jurisdiction. In bankruptcy cases, the face of each electronic docket sheet identifies, among other things, the debtor's name, case number, court, bankruptcy chapter, and current status. In most jurisdictions, the docket also includes links to access all public filings. As a general matter, PACER classifies the current status of a bankruptcy case in one of three ways: filed, dismissed, or discharged. There is no designation for "withdrawn" cases, and federal bankruptcy dockets do not use that term as a possible bankruptcy disposition classification. (*See* [Filing no. 86-1 at ECF p. 3](#)).

Experian obtains its consumer bankruptcy information from LexisNexis Risk & Information Analytics Group, Inc. ("Lexis"). Lexis is an information services company that aggregates certain types of public records into standardized databases, and provides these records to its customers in a standardized format. PACER is the source of all of the consumer bankruptcy information that Lexis collects and provides to Experian. Based upon the information that Lexis collects from PACER, Experian reports consumer bankruptcies under Chapter 13 for up to seven years after the case is filed. In order to maximize the accuracy of the consumer report, Experian reports the disposition of bankruptcy cases exactly as they are reported by the federal bankruptcy court. Because the public bankruptcy records reflect that cases are "dismissed" as opposed to "withdrawn," and uses the term "dismissed" in its consumer

reporting when the bankruptcy court reports that a petition has been dismissed, whether voluntarily or involuntarily, so did Experian.

A consumer may dispute information appearing in his or her credit report or consumer disclosure. In accordance with its procedures, Experian reviews every dispute that it receives, then conducts an internal reinvestigation and, if necessary, an external reinvestigation. Experian externally reinvestigates disputed bankruptcy information by contacting Lexis. Occasionally, a consumer sends Experian a dispute requesting that Experian report the status of a "dismissed" Chapter 13 bankruptcy as "withdrawn." Pursuant to its policy, once Experian receives documentation that adequately shows that the consumer voluntarily filed a motion to dismiss a bankruptcy petition, upon request Experian will add a statement to the consumer's file that notes that the bankruptcy was voluntarily withdrawn by the consumer. ([Filing no. 86-1 at ECF p. 4](Filing no. 86-1 at ECF p. 4)). If a consumer requests that Experian expunge the reporting of a bankruptcy entirely on the basis of its "dismissed" status, Experian will inform the consumer that it may properly report the bankruptcy in accordance with the law. ([Filing no. 86-1 at ECF p. 5](Filing no. 86-1 at ECF p. 5)).

**B.     Ms. Childress's Bankruptcy**

In October 2005, Ms. Childress (then known as Andrea Holaway) and her then-husband filed a joint voluntary petition for bankruptcy under Chapter 13. The couple was not in financial distress at the time, but filed for bankruptcy because they were erroneously informed that bankruptcy could discharge their student loan debts. On November 15, 2005, Ms. Childress and her husband filed a proposed Chapter 13 plan with the bankruptcy court, to which the bankruptcy trustee objected. The bankruptcy court denied confirmation of the plan after a hearing on January 30, 2006. In doing so, the court ordered Ms. Childress and her husband to file an amended Chapter 13 plan no later than February 27, 2006, or else their case would be dismissed

without any further notice or hearing. Ms. Childress and her husband did not file a modified Chapter 13 plan by the ordered deadline. However, before the court formally dismissed their case, they filed a motion for dismissal, moving the bankruptcy court to dismiss their Chapter 13 petition pursuant to 11 U.S.C. § 1307(b). On March 7, 2006, the bankruptcy court granted the couple's motion and issued an order dismissing the case. ([Filing no. 86-5 at ECF p. 9](#)). Ms. Childress's bankruptcy case was closed on May 12, 2006, following the trustee's final report.

## C. Ms. Childress's Disputes with Experian

From 2005 to 2012, Experian's credit file about Ms. Childress contained information about her bankruptcy case, stating that the Chapter 13 bankruptcy had been dismissed. In July 2009, Ms. Childress, through counsel, sent a letter to Experian demanding that Experian completely remove any references to her bankruptcy from her credit file. ([Filing no. 86-5](#)). Ms. Childress's counsel argued that reporting the bankruptcy filing on her credit report violated 15 U.S.C. § 1681c(a)(1) because the case was voluntarily dismissed, and should be treated as if the bankruptcy filing never existed. The letter included a print-out of the bankruptcy court docket. Experian responded to Ms. Childress on August 12, 2009, stating that the fact that the case was documented in the bankruptcy court records allowed it to appear on her personal credit report. ([Filing no. 86-2 at ECF p. 5](#)).

On August 16, 2012, two months before filing the present action, Ms. Childress submitted a second dispute to Experian, this time through Experian's website. She did not include any documentation, and simply stated in the online form, "MY BANKRUPTCY WAS NOT DISMISSED. IT WAS VOLUNTARILY WITHDRAWN PRIOR TO PLAN APPROVAL." ([Filing no. 86-3](#)) (emphasis in original). That same day, Experian contacted Lexis to confirm the accuracy of the disputed bankruptcy record. Coincidentally, after Experian

4

contacted Lexis, but before any investigation had been completed, Experian's automated systems purged all references to Ms. Childress's bankruptcy from her credit file, as it would soon be seven years since her bankruptcy had been filed. On August 24, 2012, Lexis confirmed that the bankruptcy information that had been on Ms. Childress's credit report was accurate, and Experian then informed Ms. Childress that the bankruptcy no longer appeared on her credit file. Ms. Childress filed this action two months later.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat the motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute between the parties . . . nor the existence of some metaphysical doubt as to the material facts . . .

is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III. DISCUSSION

Ms. Childress purports to bring a class action against Experian, alleging that Experian should have reported voluntarily dismissed bankruptcy cases as "withdrawn," not "dismissed," and also should have reported whether the bankruptcy was "'withdrawn before or after the court approved a Chapter 13 plan." She claims that Experian's failure to do so for her and the putative class members constitutes a willful violation of the bankruptcy reporting requirements of 15 U.S.C. § 1681c(d)(1), and was caused by Experian's failure to follow reasonable procedures to ensure "maximum possible accuracy" of bankruptcy reporting, in violation of § 1681e(b). Ms. Childress additionally claims that Experian "failed to conduct a reasonable reinvestigation" of her dispute to determine whether the disputed information was accurate, in violation of § 1681i. Ms. Childress has only asserted claims alleging willful violations of the FCRA and does not bring any claims for simple negligence. *See* 15 U.S.C. §§ 1681n, 1681o.

### A. Procedural Issues

As an initial matter, the Court notes that Ms. Childress failed to comply with the requirements of both Federal Rule of Civil Procedure 56 and Local Rule 56-1 in her response to Experian's motion for summary judgment. First, Ms. Childress failed to comply with Local Rule 56-1(b) by not adequately setting forth material facts in dispute. Local Rule 56-1(b) provides that "[t]he response must include a section labeled 'Statement of Material Facts in Dispute' that identifies the potentially determinative facts and factual disputes that the party contends demonstrates a dispute of fact precluding summary judgment." While the brief contains a section with this heading, Ms. Childress's response merely refers to the entirety of her "factual

6

statements set forth in her Motion for Class Certification and Brief in Support thereof, including all exhibits referenced and incorporated therein." (Filing no. 131, at ECF p. 11). This is not sufficient to identify "potentially determinative facts" that are relevant to this motion, and the Court will not dig through Ms. Childress's unrelated motion and brief to determine which facts are material and in dispute for purposes of this motion. In addition, the "facts" that she claims are "in dispute and preclude summary judgment in this case" are not facts at all, but rather are legal questions that must ultimately be decided by the Court.

Second, in both her Statement of Material Facts in Dispute section and throughout her entire brief, Ms. Childress also did not comply with Local Rule 56-1(e) and Federal Rule of Civil Procedure 56(c)(1) in her failure to cite to evidence in the record in support of her factual assertions. "A party must support each fact that the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. . . . The citation *must refer to a page or paragraph number* or otherwise similarly specify where the relevant information can be found in the supporting evidence." S.D. Ind. L.R. 56-1(e) (emphasis added); *see also* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by *citing to particular parts of materials in the record. . . .*") (emphasis added). Ms. Childress's brief is completely devoid of citations to the record to support her factual assertions. Almost as an afterthought, Ms. Childress includes a "Table of Exhibits" lettered A-X which is attached to her brief, but there are no citations to specific pages, nor any indication how these exhibits relate to the facts asserted in her response brief. (Filing no. 131, at ECF p. 33) (under seal). In a footnote, Ms. Childress informs the Court that her exhibits are already in the record of this case and attached in support of an unrelated motion. It is not the task of the Court "to scour the record in search of genuine issues of triable fact. We rely on the

7

nonmoving party to identify *with reasonable particularity* the evidence that precludes summary judgment." *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 285 (7th Cir. 1997) (emphasis added); *see also Rice v. Ind. St. Police*, 149 F. Supp. 2d 573, 578 (S.D. Ind. 2001) ("[T]he Seventh Circuit has repeatedly admonished parties opposing summary judgment that they must comply with local summary judgment rules which require them to point to admissible evidence in the record.").

Because Ms. Childress has failed to meet her burden to oppose Experian's motion for summary judgment by failing to comply with both the Federal Rules of Civil Procedure and the Local Rules, the Court will consider the facts as presented by Experian to be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); S.D. Ind. L.R. 56-1(f). "A district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with Local Rule [56-1], the court chooses to ignore and not consider the additional facts that a litigant has proposed." *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (quoting *Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809–10 (7th Cir. 2005)). Therefore, the only question before the Court is whether the facts, as presented by Experian and effectively unopposed by Ms. Childress, show that Experian violated the FCRA.

**B.     FCRA Claims Under Section 1681c(d)(1)**

Ms. Childress alleges that Experian violated § 1681c(d)(1) of the FCRA by failing to report her bankruptcy as "withdrawn" as opposed to "dismissed" on her credit report. Section 1681c(d)(1) provides:

> Any consumer reporting agency that furnishes a consumer report that contains information regarding any case involving the consumer that arises under Title 11 shall include in the report an identification of the chapter of such Title 11 under which such case arises if provided by the source of the information. If any case arising or filed under Title 11 is withdrawn by the consumer before a final judgment, the consumer reporting agency shall include in the report that such case

8

> or filing was withdrawn upon receipt of documentation certifying such withdrawal.

15 U.S.C.A. § 1681c(d)(1). Ms. Childress challenges Experian's reporting procedures with respect to the latter portion of this provision, which requires that a CRA include in a consumer's credit report that a bankruptcy petition was withdrawn prior to final judgment "upon receipt of documentation certifying such withdrawal." She argues that the information received from Lexis allows Experian to make such a determination at the outset, and the failure to include such a notation is a willful violation of the FCRA.

Ms. Childress has not cited to any relevant law in support of her argument that § 1681c should be interpreted in the manner that she argues. Just as she failed to cite to relevant factual evidence, her brief is devoid of actual legal analysis and citations to legal authority to support her interpretation of the statute, or to refute Experian's interpretation. Ms. Childress's arguments merely rely upon what Experian "should know" the definition of certain terms to be, as well as dictionary definitions. It is well-settled under Seventh Circuit law that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) (quoting *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003)). "It is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel." *Id.*

Based upon the facts presented by Experian, the Court finds that Experian's reporting procedures are reasonable and do not violate the FCRA. Section 1681e(b) states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). This does not require that the CRA institute unreasonable procedures just to ensure greater accuracy, contrary to Ms. Childress's

arguments. Ms. Childress does not provide any support for her argument that the procedures used by Experian and Lexis are unreasonable, given the volume of data they must collect on millions of consumers. A Lexis representative testified that the variations in the bankruptcy docket entries from court to court render it impossible to devise a universal software program that could accurately discern the basis upon which a case was dismissed. Lexis Dep. 108:7-15 (Filing no. 87-3, at ECF p. 45) (under seal). It would be unreasonable to require Lexis or Experian to review each of the millions of bankruptcy dockets, often having to look at the filings themselves, to make a factual and legal determination as to whether a case was voluntarily or involuntarily dismissed with the degree of accuracy required by the FCRA. Lexis Dep. 96:10-22, 100:25-103:3, 105:22-106:6 (Filing no. 87-3, at ECF pp. 33-43) (under seal). Ms. Childress merely speculates that her proffered analysis is feasible, or even possible. *See Liu v. T & H Mach., Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("A party must present more than mere speculation or conjecture to defeat a summary judgment motion.")

Noting that a bankruptcy case was "dismissed" on a consumer's credit report is an accurate statement; a petitioner must file a voluntary motion to dismiss, which is granted by the bankruptcy court. *See* 11 U.S.C.A. § 1307(b) ("On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall *dismiss* a case under this chapter.") (emphasis added). Thus, reporting a case as "dismissed" is an accurate statement regarding the case's disposition. So long as what a CRA reports on a consumer's credit report is accurate, there is no need to inquire into whether the CRA's procedures are reasonable. *Grays v. Trans Union Credit Info. Co.*, 759 F. Supp. 390, 393 (N.D. Ohio 1990). The fact that a credit report could be "more accurate" does not render it inaccurate for purposes of finding liability under § 1681 the FCRA. *See Tracy v. Credit Bureau, Inc., of Ga.*, 330 S.E.2d

921, 923 (Ga. 1985) ("[I]f the specific credit information that is actually reported is itself factually accurate, the report does not become inaccurate and actionable simply because a more detailed explanation of the reported fact might have been but was not included.").

The Court finds that Experian does comply with § 1681c(d)(1) with its current procedures of noting a consumer's records upon receiving additional documentation indicating that the petition was voluntarily dismissed, and that no violation occurred with respect to Ms. Childress's credit report. Ms. Childress argues that Experian could have determined that her petition was voluntarily dismissed when she submitted her first dispute back in 2009; however, she provides no citations or evidence to support this assertion. In addition, Ms. Childress's request in 2009 was to remove reference to her bankruptcy in its entirety, not to note that the bankruptcy petition had been voluntarily dismissed. With regard to her second request in 2012, she did not provide any documentation to Experian as required. Given that it would be unreasonable to expect Experian to determine whether a bankruptcy petition was voluntarily dismissed upon the initial receipt of data from Lexis, it necessarily follows that Experian would need to receive some additional documentation—from the consumer or otherwise—demonstrating that fact. This interpretation is consistent with the language of § 1681c(d)(1), which requires a CRA to note a case as withdrawn "upon receipt" of documentation, and § 1681e(b), which states that procedures must only be "reasonable."

For these reasons, the Court finds that Experian's procedures for reporting dismissed claims on consumers' credit reports do not violate the FCRA, and no reasonable jury could find that Experian violated the FCRA in Ms. Childress's case in particular. Therefore, summary judgment on Ms. Childress's claims for violations of § 1681c(d)(1) is **GRANTED**.

## C. Willfulness Under the FCRA

Even if Ms. Childress could show that Experian's reporting procedures violate the FCRA—which, as explained above, she cannot—she has not presented any supported facts or arguments that would permit a reasonable jury to find that Experian's conduct was willful. Section 1681n provides for civil liability for willful noncompliance with the FCRA. 15 U.S.C. § 1681n(a). The Supreme Court has determined that "willful" in the context of FCRA violations also includes "reckless disregard" of the law, which means "conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 68 (2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Thus, a CRA does not act in reckless disregard of the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

Again, Ms. Childress cites to no authority in support of either her interpretation of the statute, or in support of the argument that Experian's interpretation was unreasonable. Even if Experian's interpretation of the statute turned out to be mistaken, it is objectively reasonable for the reasons discussed above, and because there has been no contrary judicial or regulatory authority suggesting a different interpretation. In fact, Experian's interpretation is consistent with the Federal Trade Commission's Statement of General Policy or Interpretation on the FCRA, which states that "if a reported bankruptcy has been dismissed, that fact should be reported," and that CRAs "are not required to include all existing derogatory or favorable information about a consumer in their reports." Statement of General Policy or Interpretation; Commentary on the Fair Credit Reporting Act, 55 FR 18804-01. In addition, it states that a CRA

"must report significant, *verified* information it possesses about an item." *Id*. (emphasis added). Experian has acted consistent with this guidance by reporting a case as "dismissed" until it receives documentation verifying that the dismissal was voluntary. Therefore, the Court finds that even if Ms. Childress could show that Experian violated the FCRA, there is no evidence from which a reasonable jury could find that such violation was willful, and her claim fails for this additional reason.

**D.  FCRA Reinvestigation Claims**

Ms. Childress concedes that her claims under § 1681i for failure to reinvestigate should be dismissed; thus summary judgment on those claims is **GRANTED**.

## IV.  CONCLUSION

For the foregoing reasons, Experian's Motion for Summary Judgment (Filing no. 85) is **GRANTED**, and Ms. Childress's Complaint is **DISMISSED with prejudice**.  The following pending motions in this case, including the Motion to Certify Class (Filing no. 69), the Motion for Leave to File Supplemental Affidavit in Support of Motion for Class Certification (Filing no. 116), the Motion for Leave to File First Amended Class Action Complaint (Filing no. 142), the Motion for Leave to File Surreply in Opposition to Class Certification (Filing no. 144), and the Motion for Leave to File Sur-Surreply[1] (Filing no. 148), are **DENIED as moot**.  The Motion for Leave to File Reply in Support of Plaintiff's Motion for Class Certification Under Seal (Filing no. 141) is **GRANTED**.

**SO ORDERED.**

Date: 07/30/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[1] This motion is also denied for the additional reason that the Local Rules do not provide for the filing of a sur-surreply, thus such a filing is procedurally improper.

13

DISTRIBUTION:

James W. Bristow
BAKER BOTTS L.L.P.
james.bristow@bakerbotts.com

Van H. Beckwith
BAKER BOTTS L.L.P.
van.beckwith@bakerbotts.com

Adam W. Wiers
JONES DAY
awwiers@jonesday.com

Hunter Allen
BAKER BOTTS, LLP
hunter.allen@bakerbotts.com

Courtney E. Silver
JONES DAY
cesilver@jonesday.com

G. John Cento
CENTO LAW LLC
cento@centolaw.com

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com

James R. Smerbeck
FARUKI IRELAND & COX P.L.L.
jsmerbeck@ficlaw.com

Colin Edward Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com

Ronald I Raether
FARUKI IRELAND & COX P.L.L.
rraether@ficlaw.com

Logan C. Hughes
REMINGER CO., L.P.A.
lhughes@reminger.com

Donald E. Burton
FARUKI IRELAND & COX, P.L.L.
dburton@ficlaw.com